STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

PEGGY J. SCHILLER, )
)
        Plaintiff, )        **2019L 000014**
)
  vs. )       2019-L-_____
)       Jury Demand
WALMART, INC., a foreign corporation, )
)
        Defendant. )

## SUMMONS

To each Defendant:   C T Corporation System, 208 S. LaSalle St., Ste. 814, Chicago, IL 60604

       YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the Office of the Clerk of this Court within thirty (30) days after service of this Summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

       E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

To the Officer:

       This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

       This summons may not be served later than thirty (30) days after its date.

WITNESS    1/29/2019

                                    SW

(Seal of this Court)
CHAMPAIGN
COUNTY
ILLINOIS
THE SIXTH JUDICIAL CIRCUIT

(Clerk of the Circuit Court)

(Deputy)

Miranda L. Soucie, No. 6304649
msoucie@spiroslaw.com
Spiros Law, P.C.
2807 N. Vermilion, Suite 3, Danville, IL 61832
Telephone: 217.443.4343

Date of Service _____, 20_____

FILED
SIXTH JUDICIAL CIRCUIT
1/29/2019 10:14 AM
By: SW

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

PEGGY J. SCHILLER,                          )
                                            )
                Plaintiff,                  )           2019L 000014
                                            )
        vs.                                 )           2019-L-_____
                                            )           Jury Demand
WALMART, INC., a foreign corporation,       )
                                            )
                Defendant.                  )

## COMPLAINT AT LAW
## COMMON ALLEGATIONS

1.      At all times relevant, the Defendant, WALMART, INC., was a registered foreign

corporation in the State of Illinois with its principal place of business in Bentonville, Arkansas.

2.      At all times relevant, the Defendant, WALMART, INC., owned, possessed,

maintained, and/or operated a Wal-Mart store, including a parking lot, located at 2610 N.

Prospect Avenue, Champaign, Illinois 61822.

3.      On or about November 3, 2017, the Plaintiff, PEGGY J. SCHILLER, was a patron of

the aforementioned Walmart store.

4.      While at the aforementioned store, Plaintiff, PEGGY J. SCHILLER, was lawfully on

the premises.

5.      The aforementioned Wal-Mart store included a parking lot for use by patrons

intended for vehicular and pedestrian travel.

6.      On or about November 3, 2017, the Plaintiff, PEGGY J. SCHILLER, walked from the

Walmart store to her car along the parking lot.

1

7. The aforementioned parking lot was defective in that it was broken and contained "pot holes" causing an unreasonable risk of harm to patrons, including Plaintiff.

8. On or about November 3, 2017, the Plaintiff, PEGGY J. SCHILLER, was caused to fall as a result of a defective portion of the parking lot.

9. At all times relevant, the Plaintiff, PEGGY J. SCHILLER, was unaware that the parking lot was defective or caused a risk of harm to her person.

10. At all times relevant, Defendant, WALMART, INC., had actual and/or constructive knowledge and notice of the defective condition of the parking lot.

11. At all times material hereto, the Plaintiff, PEGGY J. SCHILLER, was exercising ordinary care and caution for her own safety.

**COUNT I**
**PREMISES LIABILITY**

1-11. Plaintiff herein realleges paragraphs 1-11 of the Common Allegations as and for paragraphs 1-11 of Count I.

12. At all times relevant hereto, there was in force and effect an Act known as the Premises Liability Act, 740 ILCS 130/2, which imposed upon the Defendant the duty to maintain the premises in a reasonably safe condition for use by its patrons, including the Plaintiff herein.

13. The Defendant, WALMART, INC., had a duty by and through its agents, servants and employees, to exercise reasonable care for the safety of others while on its premises, including the Plaintiff.

14. On or about November 3, 2017, Defendant, WALMART, INC., breached its duty in one or more of the following ways:

      a. Failed to provide a reasonably safe means of ingress and egress by allowing a portion of the parking lot to become dangerous/defective;

      b. Allowed an unreasonably dangerous condition to exist, to-wit: a parking lot that was dangerous/defective;

      c. Allowed the asphalt parking lot to remain in a dangerous condition despite having actual and/or constructive knowledge and notice of the dangerous condition of the parking lot;

      d. Failed to correct or repair the asphalt parking lot;

      e. Permitted a portion of the asphalt parking lot to become and remain in a dangerous and/or defective condition, thereby presenting a hazard to those persons it reasonably anticipated would use its parking lot;

      f. Failed to adequately warn others of the sunken, broken, worn and/or uneven parking lot;

      g. Failed to reasonably inspect the aforementioned asphalt parking lot;

      h. Failed to provide any type of safety devices or structures to enable the Plaintiff to safely shop on the premises without being injured; and/or

      i. Failed to maintain its property in a reasonably safe condition for the use of those persons lawfully on the parking lot and those persons reasonably anticipated to be on the parking lot, namely, the Plaintiff, PEGGY J. SCHILLER, pursuant to the Premises Liability Act, 740 ILCS 130/2.

15.    That as a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions, the Plaintiff, PEGGY J. SCHILLER, suffered severe and permanent injuries to her leg, which have caused, and will continue to cause, pain and emotional suffering, distress and disfigurement; and the Plaintiff was caused to expend, and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of said injuries; and the Plaintiff has been, and in the future will be prevented from attending to her usual affairs and duties.

WHEREFORE, the Plaintiff, PEGGY J. SCHILLER, prays that this Honorable Court render a judgment in favor of the Plaintiff and against the Defendant, WALMART, INC., a foreign corporation, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus her costs of suit and any other relief that the Court deems equitable and just.

3

## COUNT II
## NEGLIGENCE

1-11. Plaintiff herein realleges paragraphs 1-11 of the Common Allegations as and for paragraphs 1-11 of Count II.

12. At all times relevant hereto, the Defendant, WALMART, INC., had actual and/or constructive knowledge and notice of the dangerous condition of the parking lot through its inspection and/or maintenance of the area.

13. That at all times relevant, Defendant, WALMART, INC., had a duty to maintain the parking lot with due care and in such a manner so as not to cause injury or damage to other individuals lawfully on the parking lot, including to Plaintiff.

14. That in violation of the aforementioned duties, Defendant, WALMART, INC., was guilty of one or more of the following acts and/or omissions constituting negligence:

   a. Allowed the parking lot to fall into a state of disrepair;
   b. Allowed an unreasonably dangerous condition to exist on the parking lot, to wit: the parking lot was sunken, broken, worn, and uneven;
   c. Failed to correct or repair the parking lot identified above and permitted that portion of parking lot to become and remain in a dangerous and defective condition, thereby presenting a hazard to those persons it reasonably anticipated would use its parking lot; and/or
   d. Failed to adequately warn patrons lawfully on the parking lot and those persons reasonably anticipated to use the parking lot, namely the Plaintiff, PEGGY J. SCHILLER, of the sunken, broken, worn, and/or uneven parking lot.

15. On or about November 3, 2017, as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, the Plaintiff was caused to trip and fall on the parking lot.

16. On or about November 3, 2017, as a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of the Defendant, WALMART, INC., the

4

Plaintiff, PEGGY J. SCHILLER, suffered severe and permanent injuries to her leg, which have caused, and will continue to cause, pain and emotional suffering, distress and disfigurement; and the Plaintiff was caused to expend, and in the future will be compelled to expend, large sums of money for medical care in endeavoring to be cured of said injuries; and the Plaintiff has been, and in the future will be prevented from attending to her usual affairs and duties.

WHEREFORE, the Plaintiff, PEGGY J. SCHILLER, prays that this Honorable Court render a judgment in favor of the Plaintiff and against the Defendant, WALMART, INC., a foreign corporation, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus her costs of suit and any other relief that the Court deems equitable and just.

PEGGY J. SCHILLER, Plaintiff,

By: /s/ Miranda L. Soucie
Of Spiros Law, P.C.

Miranda L. Soucie, No. 6304049
msoucie@spiroslaw.com
Spiros Law, P.C.
2807 N. Vermilion, Suite 3, Danville, IL 61832
Telephone: 217.443.4343

5

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

| | | |
|---|---|---|
| PEGGY J. SCHILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **2019L 000014** |
| vs. | ) | 2019-L-_____ |
| | ) | Jury Demand |
| WALMART, INC., a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**JURY DEMAND**

Plaintiff, PEGGY J. SCHILLER, does hereby request a trial by jury.

PEGGY J. SCHILLER, Plaintiff,

By: /s/ Miranda L. Soucie
Of Spiros Law, P.C.

Miranda L. Soucie, No. 6304049
msoucie@spiroslaw.com
Spiros Law, P.C.
2807 N. Vermilion, Suite 3, Danville, IL 61832
Telephone: 217.443.4343

6

**FILED**
SIXTH JUDICIAL CIRCUIT
1/29/2019 10:14 AM
By: SW
*Katie M. Blackman*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

| | | |
|---|---|---|
| PEGGY J. SCHILLER, | ) | |
| | ) | |
| Plaintiff, | ) | **2019L 000014** |
| | ) | |
| vs. | ) | 2019-L-_____ |
| | ) | Jury Demand |
| WALMART, INC., a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222

I, Miranda L. Soucie, attorney representing the Plaintiff in the above entitled matter, being first duly sworn on oath, depose and state as follows:

a. That I am the Plaintiff's attorney in the above entitled cause.

b. That I have reviewed the facts and discussed the circumstances surrounding the cause of action with my client, and based upon said discussions have reason to believe the cause of action to maintain a value in excess of Fifty Thousand Dollars ($50,000.00).

AFFIANT FURTHER SAYETH NAUGHT.

_____
Miranda L. Soucie

Subscribed and sworn before me
the 29th day of January, 2019.

_____
Notary Public

OFFICIAL SEAL
MEGAN COX
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/23/22

Miranda L. Soucie, No. 6304049
msoucie@spiroslaw.com
Spiros Law, P.C.
2807 N. Vermilion, Suite 3, Danville, IL 61832
Telephone: 217.443.4343